Turley, J.
delivered the opinion of the court.
On the 18th day of March, 1844, Z. G. Goodall made and published his last will and testament, and shortly thereafter died.
After several specific bequests to his wife, he directs, by the fifth item of his will, that all the property previously specified, at the death of his wife, shall be equally divided between the children of his brothers Jonathan D, Goodall, Isaac Goodall, "William Goodall, and of his sister Betsy Winston.
By the 6th item, he gives to his niece Barbara D. Goodall, over and above the heirs above named, a negro girl Melvina.
By the 9th item, he gives to his wife five thousand dollars of his available funds, to be disposed of in any way she may think proper.
And by the 10th item, he directs all the residue of available funds of which he might die possessed after defraying funeral expenses, to be divided ¿qually between the heirs of his brothers and sister, as mentioned in the 5th item, except that portion which would fall to his nephew William Y. Goodall and his nieces Ann Eliza O. Robertson and Martha Coleman, which he wishes to descend to their heirs respectively.
This petition is filed by the administrator, asking of the court a construction of the 5th and 10th clauses of the will, in order that he may be enabled to execute the trust therein contained, according to law.
The difficulty in the construction of the 5th clause, is, whether the children of the devisor’s brothers Jonathan D. Goodall, Isaac Goodall, William Goodall, and his sister Betsy Winston, take the property therein specified, per stirpes, or per capita, that is, whether each set of children is a class representing their father and mother, and as such, entitled to one share of the estate, be they few or many; or whether it is a direct personal bequest to each individually, and the estate, therefore, to be divided into as many shares as there are nephews and nieces.
*478 We do not think there is any serious difficulty in holding, that the devise is to the nephews and nieces individually, and not in classes, and that they, therefore, take per capita, and not per stirpes, each individual being entitled to one equal portion of the bequest.
We do not see, that argun.cnt can make it plainer than the words of the bequest; “all the property above specified, at the death of my wife, shall be equally divided between the children of my brothers Jonathan Goodall, Isaac Goodall, William Goodall, and my sister Betsy Winston.” Now, it is not his brothers and sister that are the object of his bounty, but his nephews and nieces, each of whom were equally near in blood to him, and no doubt equally beloved by him; then, there could have been no motive or wish to divide them in classes; whereby the division of the bequest might, and no doubt would have-been most, unequally made; a thing which he expressly provides against, for he says, “it shall be equally divided among them.”
We are, therefore, of opinion, that the administrator, with the will annexed, when he shall come to distribute the property bequeathed in the 5th clause of'the will, shall do so equally among all the nephews and nieces, the children of Jonathan Goodall, Isaac Goodall, William Goodall and Betsy Winston, per capita, and not per stirpes”
The difficulty in the construction of the 10th clause of the will is, as to that portion of the bequest which would, under its general wording, fall to W. Y. Goodall, Ann Eliza O. Robertson and Martha Coleman, but is supposed, by special exception, to be given to the children; and whether this be so, or not, is the question. This clause, as we have seen,-directs, “that all the residue of available funds of which I may die possessed, after paying my funeral expenses, be divided equally between the heirs of my brothers and sister, as above mentioned, except that portion which would fall to my nephew, W. Y. Goodall, and my nieces Ann Eliza O. Robertson and Martha Coleman, I wish to descend to their heirs respectively.
We are of opinion, that the word heirs, as here used, is a word of purchase, and not a word of limitation; and that, therefore, the children of W. Y. Goodall are entitled to his share *479 of the bequest, and so likewise, the children of Ann Eliza O. Robertson and Martha Coleman, to their shares respectively. But this only applies to the bequest of the “residue of the available funds,” bequeathed in the 10th clause of the will, and does not affect the bequest in the 5th clause, to which W. Y. Goodall, and Ann Eliza 0. Robertson and Martha Coleman are entitled, in the one right equally, with the other nephews and nieces.